# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

MGS MFG GROUP INC.,

                    Plaintiff,

     v.                                      Case No. 09-CV-174

SUPERMAX CORPORATION DE MEXICO SA DE CV,

                    Defendant.

_____

# ORDER

On February 17, 2010, this court ordered the plaintiff, MGS Mfg Group Inc. ("MGS"), to, within twenty days of the order, provide the court with good cause for the failure to timely serve the defendant with a summons and complaint. (Docket #4). MGS did not need twenty days to respond to the court's order, however, as the court received a declaration from MGS's attorney, Matthew R. Jelenchick ("Jelenchick"), on February 18, 2010, explaining why the plaintiff has not yet served the defendant. Specifically, Attorney Jelenchick informed the court that MGS has been diligently working with authorities in both the United States and Mexico to try to serve the defendant pursuant to Fed. R. Civ. P. 4(f). The court appreciates MGS's efforts and understands that the process of serving a foreign defendant can be quite time consuming. The Federal Rules of Civil Procedure implicitly recognizes that fact, excluding "service in a foreign country" from the contours of Fed. R. Civ. P. 4(m), which generally requires that a defendant be served within 120 days of the filing of the complaint. *See* Fed. R. Civ. P. 4(m) ("This subdivision (m) does not

apply to service in a foreign country under Rule 4(f) or 4(j)(1).")  However, while the 120-day rule does not apply when serving a party in a foreign country, the plaintiff must still act diligently and promptly in effectuating service, and this court can dismiss the case without prejudice if service in a foreign country is not pursued in a diligent fashion. 4B Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1137 (3d ed. 2002).

Thus far, the plaintiff has been diligent in attempting to serve the defendant. The affidavit submitted by Attorney Jelenchick informs the court that on December 4, 2009, the plaintiff submitted the necessary paperwork with officials in the United States to serve the defendant.  (Decl. ¶ 9).  Based on a previous attempt to serve the defendant, Attorney Jelenchick anticipates hearing a response from the proper authorities regarding the "results of the current efforts" to serve the defendant by the end of February 2010.  (Decl. ¶ 7).  The plaintiff has also expressed a willingness to explore alternate avenues to serve the defendant if its current efforts fail.  (Decl. ¶ 11).  Because the plaintiff has thus far made a good faith effort to serve the defendant in accordance with Rule 4(f), the court finds that the plaintiff has complied with the directives of this court's February 17, 2010 order.  However, to ensure that the litigation does not linger any more than necessary, the court sets a deadline of May 1, 2010, by which the plaintiff must complete service of process.  If the plaintiff does not complete service of process by May 1, 2010, the plaintiff's case will be dismissed without prejudice and without further notice.

-2-

Accordingly,

**IT IS ORDERED** that plaintiff complete service of process on the defendant by **May 1, 2010**, or the plaintiff's case will be dismissed without prejudice.

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge